UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:09-CR-181 |
| vs. | ) | |
| | ) | |
| JESSIE JOHNSON | ) | COLLIER/CARTER |

REPORT AND RECOMMENDATION

## I. Introduction

This matter came before the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) to conduct such evidentiary hearings as deemed necessary and to issue a report and recommendation as to the defendants mental competency to stand trial.

Those appearing before the undersigned at the mental competency hearing on Tuesday, August 24, 2010, included the following:

1. AUSA Scott Winne
2. The defendant, Jessie Johnson
3. Attorney Charles Dupree
4. Dawn Graney, Psy.D., Forensic Psychologist (by video conference)
5. Angela Johnson, wife of defendant
6. Court Reporter
7. Deputy Clerk Kelli Jones

## II. Motion for Mental Examination and Evaluation

A motion was filed in this case on January 26, 2010, by defendant moving the Court to evaluate and determine his competency to stand trial pursuant to 18 U.S.C. § 4241(d) and also raising issues related to sanity at the time of the alleged offense, and asking the examiner to determine if defendant suffered from a significantly reduced mental capacity which contributed substantially to the commission of the offense alleged (Doc. 218). The Court conducted a

1

hearing on said motion and entered an order on February 2, 2010 granting a psychiatric/psychological evaluation to determine whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, whether he was insane at the time of the alleged offense and whether he suffered from a significantly reduced mental capacity. A Forensic Evaluation was completed by Forensic Psychologist Dawn Graney, Psy.D. on May 28, 2010.

     At the August 24, 2010, hearing, AUSA Scott Winne called Dawn Graney, Psy.D., forensic psychologist with the Federal Correctional Institution at Butner, North Carolina. She testified that she holds a doctorate from the California School of Professional Psychology with a specialty in forensic psychology. She evaluated defendant Johnson as ordered by the Court. Dr. Graney relied on several sources including interviews with the defendant, other interactions with defendant, a review of information about the medical history of the defendant, and phone interviews with Angela Johnson, wife of the defendant. She administered the Validity Indicator Profile (VIP), Wechsler Adult Intelligence Scale-Fourth Edition (WAIS-IV), Wide Range Achievement Test 4 (WRAT-4), Wechsler Memory Scale-Third Edition (WMS-III) Abbreviated, and the California Verbal Learning Test-Second Edition (CVLT-II) and reviewed background information including the defendant's upbringing and his educational background. Defendant did not report any history of mental health problems. It was Dr. Graney's opinion that defendant suffered from an adjustment disorder, amphetamine dependence and alcohol abuse. She opined the adjustment disorder was not a serious mental illness or impairment but was a result of stresses in his life. As to his competence to understand the nature and consequences of the

proceedings, it was Dr. Graney's opinion that defendant was competent to proceed to trial and that there was no evidence of a mental disorder that prevented him from cooperating with his attorney.

In the Forensic Evaluation, which was made an exhibit to Dr. Graney's testimony, the following remarks appear concerning defendant's test results:

> Mr. Johnson was administered the WAIS-IV, a standardized test of intelligence. He obtained a Full Scale IQ of 63, which is in the Extremely Low range. Assuming rest results were reliable (i.e., the defendant performed to the best of his ability); there is a 95% chance his true level of intellectual functioning falls between 60 and 68. His score falls at the 1st percentile, meaning 99% of individuals his own age would score better than Mr. Johnson on the WAIS-IV. The defendant obtained a Verbal Comprehension Index score of 61, which is in the Extremely Low range, and a Perceptual Reasoning Index (PRI) score of 75, which is in the Borderline range. . .
>
> . . . Overall, results of the WAIS-IV were generally consistent with what would be expected given his history. However, as noted by the VIP, it is possible that Mr. Johnson may not have put forth full effort during testing and, as was indicated earlier, he at times appeared to have difficulty focusing. Therefore, results could somewhat underestimate his true ability. . .
>
> . . . Mr. Johnson's standard scores fell in the Lower Extreme range on Word Reading, Sentence Comprehension, Spelling, and Reading Composite. His Math Computation score fell in the Low range. All scores fell at or below the 1st percentile, and such scores are suggestive of academic functioning in the first to third grade level.

Forensic Evaluation report at 8 and 9.

Dr. Graney's diagnostic impression was as follows:

The following diagnoses are offered in accordance with the criteria set forth in the *Diagnostic and Statistical Manual of Mental Disorders-Fourth Edition - Text Revision (DSM-IV-TR)*. Axis III diagnosis are based on impressions of FCI Butner medical staff.

Axis I:  Adjustment Disorder with Mixed Anxiety and Depressed Mood, Acute
Amphetamine Dependence, With Physiological Dependence, Early Full

|  |  | Remission |
|  |  | Alcohol Abuse |
| Axis II: | None |
| Axis III: | Non-contributory |
| Axis IV: | Problems related to interaction with the legal system/crime; Educational problems (i.e., illiteracy) |
| Axis V: | GAF = 70 |

Forensic Evaluation at 12.

Dr. Graney expressed her opinion in her report as to defendant's competence to stand trial:

> Mr. Johnson demonstrated an understanding of court decorum and based on his conduct during the present evaluation, there is no reason to believe he could not conduct himself appropriately in a courtroom setting. There also does not appear to be any reason why the defendant cannot communicate effectively with his attorney given the manner in which he communicated with this evaluator during the evaluation period. However, Mr. Johnson's limited intellectual functioning may contribute to his difficulty comprehending complex issues and recalling some types of information. Nevertheless, when information was repeated or if he was prompted about various issues, he was often able to provide an accurate response. Due to Mr. Johnson's intellectual limitations, it may be somewhat challenging for the defense attorney to communicate with the defendant in a manner to which he [the attorney] is typically accustomed. Therefore, it is suggested that the defense attorney relate matters in simple terms, repeat and clarify pertinent information to the defendant, and question the defendant to ascertain his understanding of what has been explained. As already noted, repeating important information as well as prompting the defendant or providing reminders may help elicit information and ascertain his level of understanding. Mr. Johnson appeared to recall visualize [sic] information better than auditory information, yet it must be kept in mind that the defendant has significant reading difficulties. The defendant may further benefit from frequent courtroom breaks to confer with his attorney as to the progress of proceedings.
>
> Based on the above, it is the professional opinion of the undersigned evaluator that although Mr. Johnson has been diagnosed with Adjustment Disorder, Amphetamine Dependence, and Alcohol Abuse, he is not currently suffering from a severe mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him, and to assist properly in

his defense.[1]

As to the issue of sanity at the time of the alleged offense, Dr. Graney concluded defendant did not suffer from a severe mental disease or defect which made him unable to appreciate the nature and quality or the wrongfulness of his acts but that issue is one to be determined by the jury so I make no recommendation related to that issue.

Finally, as to the issue of reduced mental capacity, it is the opinion of Dr. Graney that defendant "was not suffering from a significantly reduced mental capacity at the time of the offense. Overall, he did not have a significantly impaired ability to understand the wrongfulness of his behavior, exercise the power of reason, or control his behavior."[2] Because I conclude the findings related to reduced mental capacity does not change my opinion related to defendant's competence, any remaining issue of defendant's reduced capacity is basically one related to sentencing issues which will be addressed by the District Judge if necessary.

---

[1] For Dr. Graney's more complete opinion and the basis for it, see the Forensic Evaluation at pp. 12-14.

[2] A more detailed basis for this opinion is set out on pp. 15-16 of the Forensic Evaluation.

III. Conclusion

Having carefully reviewed the pleadings and other medical evidence, and heard and considered the testimony and the report of Dr. Graney, Psy.D., forensic psychologist, I RECOMMEND the Court find the defendant Jessie Johnson competent to understand the nature and consequences of the proceedings against him and able to assist in his defense. [3]

                                                *s/William B. Mitchell Carter*
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).