UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:09-CR-181 |
| ) | |
| JESSIE JOHNSON, *et al.*, ) | Chief Judge Curtis L. Collier |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM & ORDER**

Before the Court is Defendant Jessie Johnson's ("Defendant") "Motion for *Daubert* Hearing or Ruling *In Limine* as to Proposed Expert Testimony of Government's Witness David Shelton" (Court File No. 1203). The Government filed a response to Defendant's motion (Court File No. 1205). For the following reasons, the Court **DENIES** Defendant's motion (Court File No. 1203).

**I.     Admissibility of Testimony of Expert Witness David Shelton**

Defendant seeks a *Daubert* hearing or, in the alternative, a ruling *in limine* as to the proposed expert testimony of Government witness David Shelton. On August 9, 2011, the Government filed a notice of expert testimony regarding Special Agent David Shelton of the Department of Justice, Drug Enforcement Administration ("DEA") (Court File No. 1199). Defendant alleges the Government intends to have Special Agent Shelton "restate the Government's theory as purported evidence" (Court File No. 1203) and render an opinion as to "ultimate findings" that should be determined by the trier of fact (Court File No. 1204). Defendant objects on the grounds that such testimony would be "at best, soft Junk science" and would be "prejudicial and improper" (Court File No. 1204). Additionally, Defendant asserts that Special Agent Shelton's testimony should be

inadmissible because of the timing of the Government's notice filing.

The test for admissibility of expert testimony is set forth in Fed. R. Evid. 702. Under Rule 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Whether the opinion will "assist a jury" is an issue that goes primarily to relevance, whereas the expert's "knowledge" goes to reliability. *See Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590-91 (1993). The Sixth Circuit observed that "[c]ourts have overwhelmingly found police officers' expert testimony admissible where it will aid the jury's understanding of an area, such as drug dealing, not within the experience of the average juror." *United States v. Lopez-Medina*, 461 F.3d 724, 742-43 (6th Cir. 2006) (quoting *United States v. Thomas*, 74 F.3d 676, 682 (1996)); *see United States v. Ham*, 628 F.3d 801, 805 (6th Cir. 2011) ("[T]his Court routinely allows qualified law enforcement officials to testify that circumstances are consistent with drug distribution rather than personal use.") (citation omitted); *see also United States v. Pearce*, 912 F.2d 159, 163 (6th Cir. 1990) (finding that "[l]aw enforcement officers may testify concerning the methods and techniques employed in an area of criminal activity and to establish 'modus operandi' of particular crimes") (citation omitted). The reliability of a police officer's testimony, on the other hand, is often dependent upon the agent's "prior experience and training in investigating narcotics-related crimes." *See Lopez-Medina*, 461 F.3d at 743 (finding two DEA agents having seventeen years and six years of experience, respectively, were qualified to give expert testimony); *see also United States v. Anderson*, 89 F.3d 1306, 1312 (6th Cir. 1996) (finding a law enforcement agent with nine years of experience qualified to give expert testimony). When agents

are clearly qualified, the district court can exercise its discretion to not "qualify the witnesses formally before allowing their expert testimony." *Lopez-Medina*, 461 F.3d at 743.

Also significant is the fact that the Federal Rules of Evidence prescribe limits on the extent to which an expert can render an opinion. Rule 704(a) of the Federal Rules of Evidence provides that an expert opinion or inference is not objectionable simply because it goes to an ultimate issue to be decided by the jury. However, Rule 704(b) prohibits an expert witness from testifying as to whether a criminal defendant did or did not have the "mental state or condition constituting an element of the crime charged or of a defense thereto."

The Government submits that Special Agent David Shelton will testify about the practices and procedures commonly used by drug traffickers when manufacturing and distributing methamphetamine based upon his training and experience (Court File No. 1199). Further, Special Agent Shelton has thirty-four years of narcotics law enforcement experience, including serving as a Special Agent for the Tennessee Bureau of Investigation and, currently, the Department of Justice, DEA. In fact, Agent Shelton has testified several times before this very court as a drug expert. *See, e.g.*, *United States v. Howard*, 621 F.3d 433, 445 (2010) (testifying as an expert at trial regarding the "typical characteristics of drug trafficking in the United States"); *United States v. Thompson*, 86 F. App'x. 144, 146 (6th Cir. 2004) (testifying as an expert at a sentencing hearing regarding "his expertise in methamphetamine investigations"). Given Shelton's knowledge and experience, the Government's proffered expert testimony meets both the relevancy and reliability prongs of Fed. R. Evid. 702. Therefore, a *Daubert* hearing is unnecessary.

Moreover, the Government has expressed that it has no intent to elicit testimony that would "go to ultimate issues such as whether a conspiracy existed in this case or whether the elements of

the offenses have been satisfied in this case" (Court File No. 1205). To the extent such testimony is elicited, Defendant may have grounds to object pursuant to Fed. R. Evid. 704.

Finally, Defendant argues that this Court should rule Special Agent Shelton's testimony inadmissible on the grounds that the Government filed notice of Shelton's testimony on August 9, 2011, when trial was scheduled to begin on August 15, 2011. However, the Government asserts it gave Defendant "a letter with attachments relating to discovery on July 7, 2011" indicating, *inter alia*, that it would call Special Agent Shelton to testify at trial "about the manufacture, distribution, and use of methamphetamine and precursor chemicals" (Court File No. 1205). At any rate, Defendant has not suggested he would be prejudiced in some way by the timing of the Government's disclosure, thus the Court sees no reason to exclude Agent Shelton's testimony on this basis.

For the reasons stated above, the Court **DENIES** Defendant's motion for a *Daubert* hearing or ruling *in limine* regarding the expert testimony of Government witness David Shelton (Court File No. 1203).

**SO ORDERED**.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**